LUCCIANO ROSSI *v.* UNITED STATES (No. 3945)[1]

United States Court of Customs and Patent Appeals, April 20, 1936

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

[Oral argument April 6, 1936, by Mr. Tuttle and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved consists of sliced, dried mushrooms, imported from Italy, and entered at the port of San Francisco, Calif. The collector's classification was made under paragraph 768 of the Tariff Act of 1930, which reads:

PAR. 768. Mushrooms, fresh or dried, 10 cents per pound and 45 per centum ad valorem; otherwise prepared or preserved, 10 cents per pound on drained weight and 45 per centum ad valorem.

[1] T. D. 48290.

The importer protested, claiming the merchandise to be classifiable as "vegetables * * * sliced," under paragraph 775 of said act, which, in part, reads:

PAR. 775. Vegetables * * * if cut, sliced, or otherwise reduced in size * * * or prepared or preserved in any other way and not specially provided for * * * 35 per centum ad valorem * * *.

The protest was overruled by the United States Customs Court and judgment entered for the Government. From such judgment the instant appeal to this court was taken.

It is fairly deducible from the record in the case that the mushrooms when gathered were something less than three inches in diameter; that they were cut or sliced with knives, or by machines, into small pieces, which pieces were then dried in the sun for a period of from one to two weeks.

As presented before us, the issue is reduced to that of whether, in a tariff sense, the merchandise is "mushrooms, * * * dried," or "vegetables * * * sliced." Appellant does not claim that the clause "or prepared or preserved in any other way," appearing in paragraph 775, *supra*, has any applicability, and he insists that the clause "otherwise prepared or preserved," appearing in paragraph 768, *supra*, does not apply because, he argues, that clause applies only to mushrooms packed in liquid since it is modified by the phrase, "on drained weight."

It is obvious that if appellant's contentions as to the construction of the respective paragraphs here involved be correct, the Congress, contrary to the general rule followed by it, indulged in anomalous legislation. The inherent characteristics of the sliced dried mushrooms are precisely the same as the inherent characteristics of whole dried mushrooms which admittedly fall within the provision for "Mushrooms * * * dried" of paragraph 768, *supra*. It is a matter of common knowledge of which the court may take judicial notice that when mushrooms are used in the culinary art they are frequently broken into small pieces, so that they are for all practical purposes in the form of slices. The Summary of Tariff Information of 1929, compiled by the United States Tariff Commission for the use of Congress in preparing the Tariff Act of 1930, contains the information that "Dried mushrooms are not produced in the United States." Presumably, therefore, the duty imposed upon them was intended to be purely a revenue duty, but, whether considered solely from the standpoint of revenue or from the standpoint of protection to the United States mushroom industry, or both, it is difficult, indeed impossible, for us to conceive of any reason why it was desired to lay a specific duty of 10 cents per pound plus an ad valorem rate of 45 per centum upon whole mushrooms and only an ad valorem rate of 35 per

centum upon precisely the same articles when nothing has been done to them except to slice them.

If by slicing the mushrooms before drying they were changed from mushrooms to vegetables, in a tariff sense, then it would seem logically to follow that if "cut, sliced, or otherwise reduced in size," as, for example, by breaking into pieces, after drying, the same result would follow. Also, it may be said that by the same process of reasoning fresh mushrooms could also be taken out of paragraph 768 by slicing or cutting them, or otherwise reducing them in size. As a result it would be easily possible by simply processing whole mushrooms, both fresh and dried, into the form of small pieces, the form in which they are usually placed for use, to destroy much of paragraph 768 and defeat the purpose or purposes which Congress must have had in mind.

In the light of this simple reasoning, and in the absence of any authority which compels a different conclusion (and we do not regard any of the authorities cited by appellant as being controlling), it must be held that the contentions on behalf of appellant are untenable.

The judgment of the United States Customs Court is *affirmed*.